493 A.2d 81

Samuel K. SAVITZ

v.

**William CICCOTELLI and Palma Ciccotelli, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued May 3, 1984.

Filed March 29, 1985.

Reargument Denied June 6, 1985.

Louis S. Criden, Philadelphia, for appellants.

William F. Livingston, Norristown, for appellee.

Before SPAETH, President Judge, and BROSKY and McEWEN, JJ.

SPAETH, President Judge:

This is an appeal from an order permitting appellee as a judgment lienor to foreclose against appellants' real estate, including appellants' residence. Appellants' principal argument is that their residence should be exempt from foreclosure because they claimed it as exempt in Federal bankruptcy proceedings. This argument is without merit, for when the judgment was initially entered, the Federal Bankruptcy Reform Act of 1978, Act of November 6, 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978), effective generally October 1, 1979, 11 U.S.C. § 101 *et seq.*,[1] which contains the exemption on which appellants rely, had not been enacted. We therefore affirm.

On October 19, 1971, appellee filed a complaint in confession of judgment against appellants. The judgment, which was later revived, was secured by appellants' real estate, consisting of appellants' residence at 7145 Large Street, Philadelphia, and another property at 644 Durfor Street, Philadelphia.

In July 1979 the parties entered into a stipulation that, for an agreed upon time period, appellee would refrain from execution against the residence while appellants tried to obtain financing or sell the property, and that appellants would refrain from filing any proceedings to delay or avoid foreclosure of the residence. When appellants were unable

1. This act has subsequently been amended; sections applicable to appellants were those as originally enacted.

to finance or sell the property, an order was entered on November 28, 1979, directing the sheriff to sell appellants' residence.

On or about November 29, 1979, appellants jointly filed for bankruptcy in the United States District Court for the Eastern District of Pennsylvania. The petition listed appellee as a creditor and the residence as security for the debt. The residence was valued at approximately $30,000. Of this value, appellants claimed $15,000 as exempt. This claim was based on Section 522(b) of the Bankruptcy Act, which provides that a debtor may exempt from property of the estate either property that is exempt under State law or property that is exempt under Federal law.[2] Appellants claimed that their residence was exempt, up to $15,000, under Section 522(d)(1) of the Bankruptcy Act.[3]

As a consequence of the bankruptcy proceeding, proceedings against appellants' real estate were automatically

**2.** 11 U.S.C. § 522(b) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

**3.** 11 U.S.C. § 522(d)(1) provides:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

stayed. 11 U.S.C. § 362.[4] On April 15, 1981, the bankrupt-cy court modified the automatic stay and permitted appellee to proceed against the property at 644 Durfor Street,[5] although apparently appellee did not so proceed. The bank-ruptcy court also approved the report of the interim trus-

**4.** 11 U.S.C. § 362 provides in part:

**§ 362. Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other pro-ceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

.        .        .        .        .

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

.        .        .        .        .

**5.** The bankruptcy court "ORDERED AND DECREED that the automat-ic stay and all other proceedings in connection with the property located at 644 Dufor [sic] St., Philadelphia, Pa. 19148 be modified and that the plaintiff, Samuel Savitz, be permitted to proceed only as to said property; ...."

tee.[6]  Although the record does not disclose any further proceedings in bankruptcy,[7] appellants were apparently discharged in bankruptcy on or about June 30, 1981.  Appellee then revived the judgment, and after further proceedings, the trial court entered an order allowing appellee to proceed to foreclose both properties.  This appeal followed.

■ In regard to the property at 644 Durfor Street, appellants' argument is unclear.  They refer to both properties throughout their main argument, and seem to contend that the 644 Durfor Street property is exempt from foreclosure on the basis of their exemption claim in the bankruptcy court.  However, they concede that "[i]f ... the debt due [appellee] from [appellants] exceeds the amount of the exemption allowed [appellants] under the Bankruptcy Code ..., [appellee's] recovery should be against the 644 Durfor Street property only."  Brief for Appellants at 10.  Since the Durfor Street property was not claimed as exempt in bankruptcy, and since the bankruptcy court by its order of April 15, 1981, allowed appellee to proceed against it, we can find no basis for appellants' argument that appellee may not now proceed against it.  We also note that in a prior pleading appellants admitted, or asserted, that appellee's action "must be limited to the property at 644 Dufor [sic] Street...."  Defendants' Motion to Dismiss Plaintiff's Petition to File Certificate of Readiness Nunc Pro Tunc, filed Oct. 4, 1982.

■ In regard to their residence, appellants argue that property claimed as exempt in a bankruptcy proceeding is

6.  The report is not part of the record in this case.

7.  Since the report of the trustee is not part of the record, we do not know whether appellants' claimed residential exemption was allowed. Appellee appears to question the claimed exemption in his brief to us. Brief for Appellee at 12–13.  See 11 U.S.C. § 522, Notes of Committee on the Judiciary, House Report No. 95–595: "Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purposes of exemption."  However, we need not decide this issue.  If the bankruptcy court did not allow the exemption, then of course there is no impediment to appellee proceeding; but as will appear, the same is true even if the court allowed the exemption.

protected from "collateral attack in state court by the bankrupt's creditors." Brief for Appellants at 8. We are not persuaded by this argument. It assumes that the exemption for residential real estate provided by the Bankruptcy Act will be recognized as consistent with Pennsylvania law, which provides no counterpart to the Federal exemption, although 42 Pa.C.S. § 8123(a) allows a debtor to exempt property, including real estate, from judgment up to a value of $300. This assumption may or may not be correct. *Cf. Beneficial Consumer Discount Co. v. Hamlin*, 263 Pa.Super. 393, 398 A.2d 193 (1979); *and see* Pa.R. Civ.P. 3123.1, note (noting "Pennsylvania and Federal law provide numerous exemptions of property from execution" and listing examples); 13 Std.Pa.Practice 2d § 74:13 (noting exemptions permitted under Bankruptcy Act as well as other federal statutes). We need not decide the point. For the Federal exemption for residential real estate on which appellants rely did not become effective until October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978, *supra*, and appellee's judgment was initially entered against appellants' real estate in 1971. We will not give retroactive effect to a Federal exemption that has no State counterpart. "No bankruptcy law shall be construed to eliminate property rights which existed before the law was enacted in the absence of an explicit command from Congress." *United States v. Security Industrial Bank*, 459 U.S. 70, 81, 103 S.Ct. 407, 408, 74 L.Ed.2d 235 (1982).

Affirmed.