572 A.2d 777

**Rose M. AMBROSIA**

v.

**Rose YERAGE and Charles Yerage, Her Husband, (now deceased), Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1989.

Filed April 6, 1990.

Angelo A. Papa, Asst. Dist. Atty., New Castle, for appellant.

William R. Balph, Jr., New Castle, for appellee.

Lawrence M. Kelly, New Castle, for Sheriff of Lawrence County, participating party.

Before CIRILLO, President Judge and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal is from an order dated October 28, 1988 denying appellant Rose Yerage's exceptions to a proposed distribution of the proceeds of the sale of her residence pursuant to a Writ of Execution. Appellant's primary contention is that the trial court "erred in ruling that Pennsylvania residents cannot claim their federal bankruptcy exemption on property subsequently involved in an execution proceeding [at the state level]." For the reasons that follow, we find no error in the trial court's ruling and, accordingly, we affirm the order below.

The facts, as aptly summarized by the trial court, are as follows:

On May 9, 1986, a Complaint and Confession of Judgment was entered in the amount of $14,950 against the defendants [Rose Yerage and now deceased husband Charles Yerage] and in favor of the plaintiff [Rose M. Ambrosia] at No. 394 of 1986, D.S.B. (Complaint) relating to No. 88 of 1981, D.S.B., revived at No. 544 of 1986, D.S.B. A Writ of Execution was also issued on that date at No. 56 of 1986, E.D.

On November 6, 1986, the defendants filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C.S. § 101 *et seq.*, with the United States Bankruptcy Court for the Western District of Pennsylvania. (Respondent's Exhibit A). That same date, the Bankruptcy Court issued an Order at No. 86–02867 staying all proceedings against the defendants.

On March 11, 1987, the Trustee of the defendants' Bankruptcy Estate submitted to the Bankruptcy Court a Trustee's Report and Petition to Abandon Property. (Respondent's Exhibit B). The Report stated that a portion of the Bankruptcy Estate consisted of an interest in real property subject to the lien of a judgment of Rose M. Ambrosia, such judgment being the judgment previously discussed in this Opinion. The Report then described that interest as the premises known as 734 Castle Street, being the defendant's place of residence. The Report also stated that the premises were subject to other additional liens. The Report then declared that in the opinion of the Trustee, the property had no equity for the general creditors of the estate and that the property was onerous and burdensome to the estate.

On March 18, 1987, the defendants were discharged of debts pursuant to a Discharge of Debtors Order by the Bankruptcy Court. On November 3, 1987, the Bankruptcy Court granted the Petition to abandon the defendants' residence from the estate. On November 30, 1987, the Bankruptcy Estate was closed.

The Writ of Execution at No. 56 of 1986, E.D. was reissued on November 30, 1987 and again on December 16, 1987.

On December 28, 1987, the defendants' filed a Claim for Exemption with the Lawrence County Sheriff's Office. (Petitioner's Exhibit 1). Paragraph 8 of that Claim sought a "$15,000.00 exemption for proceeds of real estate sale as provided by United States Bankruptcy Laws and as filed by affiant at No. 86–02867 United States Bankruptcy Court for the Western District of Pennsylvania."

Pursuant to the Writ of Execution at No. 56 of 1986, E.D., a Sheriff's Sale was conducted on January 12, 1988, at which time the defendant's property and residence at 734 Castle Street was sold for the sum of $21,200.

On January 19, 1988, a schedule of Proposed Distribution of Proceeds from the sale was submitted by the

Sheriff's Office to this Court. (Sheriff's Exhibit 1). That schedule listed the defendant's exemption as $300, that amount representing the statutory exemption found in 42 Pa.C.S.A. § 8123(a). The schedule did not include the $15,000 exemption claimed by the defendants.

On January 22, 1988, the defendants filed the instant Exceptions to Proposed Distribution. Paragraph 2 of that document asserts the following:

> The Sheriff's proposed distribution fails to list Defendant's federal statutory exemptions of $15,000.00 provided by the U.S. Bankruptcy Code.

Trial Court Opinion at 1–4. The trial court denied appellant's exceptions and this appeal followed.

■ Appellant contends that the trial court erred in holding that she could not claim the $15,000.00 exemption provided in the United States Bankruptcy Code (the "Code"). Appellant maintains that the trial court's decision was (1) erroneous as a matter of statutory interpretation and (2) against public policy. Under the Code, when a debtor files for bankruptcy all legal and equitable property interests of the debtor at that time are included as part of the debtor's bankruptcy estate. *See* 11 U.S.C.A. § 541. Section 522(b) provides, however, that unless a state has statutorily "opted out" and thereby foreclosed the use of federal exemptions, a debtor is permitted to exempt certain property from the property of the estate. To do so, the Code requires the debtor to choose between either (1) the federal alternative exemptions specified in § 522(d) *or* (2) applicable federal nonbankruptcy law and state or local law. *Id.* Under the federal construct, a debtor *must* choose between these two alternatives; he or she is not permitted to take certain exemptions which are allowed by the state and other exemptions which are prescribed by § 522(d). *See Savitz v. Ciccotelli*, 342 Pa.Super. 399, 401, 493 A.2d 81, 82 (1985).

Appellant properly notes that Pennsylvania has not enacted "opt out" legislation, and thereby affords its indebted residents the opportunity to select between the exemptions provided in § 522(d) and state or local law. Furthermore,

appellant suggests that not only has Pennsylvania not foreclosed a resident's option of *choosing* the federal bankruptcy exceptions, it has gone so far as to expressly authorize all of the Pennsylvania exemptions in addition to any other exemptions from execution. In support of this argument, appellant cites to Chapter 81 of 42 Pa.C.S.A., which governs judgments and other liens. Section 8121 reads in relevant part as follows:

> (a) **General Rule.**—Except as provided by subsection (b) the exemptions from execution specified in this subchapter are in addition to any other exemptions from execution granted by any other statute.
>
> (b) **Specific sum of money.**—Except as otherwise expressly provided by statute, where the provisions of this subchapter and of any other statute granting exemption from execution in terms of a specific sum of money are simultaneously applicable to execution against a judgment debtor, such exemptions shall not be aggregated, but the judgment debtor shall be entitled to the benefit of the applicable statute granting exemption in terms of the largest specific sum of money.

*Id.* Specifically, appellant claims that the only reasonable interpretation of this statute is that Pennsylvania has expressly authorized exemptions allowed by any other statute, state or federal, in addition to those contained in the remainder of Chapter 81. Thus, appellant maintains that she is not foreclosed from using federal exemptions, but instead is authorized to claim the larger exemption of $15,000 found in the federal statute in addition to the state exemption of $300.00. We cannot agree.

■ The decision in this case turns on the construction to be given the phrase "any other statute," contained in 42 Pa.C.S.A. § 8121. Under the Statutory Construction Act, the object of all interpretation of statutes is to ascertain and effectuate the legislative intent. *See* 1 Pa.C.S.A. § 1921. In interpreting a statute, the words of the statute must be construed according to their plain meaning and usage, with technical words being given their technical meaning, "and

such others as have acquired a peculiar and appropriate meaning *or are defined in this part, shall be* construed according to such peculiar and appropriate meaning or definition." *Id.* § 1903(a) (emphasis added). Section 1991, the definitional section of the Act, provides that when words defined in § 1991 are used in any statute enacted on or after September 1, 1937, they shall have the meaning ascribed to them in the section unless the context clearly indicates otherwise. *Id.; see also Habecker v. Nationwide Ins. Co.,* 299 Pa.Super. 463, 445 A.2d 1222 (1982). When the legislature has so defined a word or phrase, we are bound by its definition. *Cf. Appeal of Neshaminy Auto Villa Ltd.,* 25 Pa.Commw. 129, 358 A.2d 433 (1976). The term "statute" specifically is defined in § 1991 as "An act of the General Assembly whether under the authority of the Commonwealth or of the late Proprietaries of the province of Pennsylvania." *Id.* at § 1991. Thus, as a matter of statutory construction, whenever a statute, such as 42 Pa.C.S.A. § 8121, employs the term "statute", it cannot be construed to refer to anything other than statutes enacted by the Pennsylvania legislature. From this, we must conclude that the legislative intent in § 8121 was to allow Pennsylvania residents additional exemptions from execution granted by any other Pennsylvania statute exclusive of Chapter 81, subchapter B. There is no support, as a matter of statutory construction, for appellant's suggestion that the Pennsylvania legislature intended that the federal exemptions contained in 11 U.S.C.A. § 522(d) are to be made available to a debtor in a state execution proceeding.

Moreover, we should note that there is no reason to conclude that the Pennsylvania legislature's failure to include supplemental *federal* exemptions in § 8121 was inadvertent. As even a cursory review of Pennsylvania statutes indicates, when the General Assembly intends to refer to or incorporate a federal statute in conjunction with a state statute, the state statute specifically cites to the United States Code. *See e.g.,* 7 Pa.S.A. § 112; 7 Pa.S.A. § 306; 10

Pa.S.A. § 313; 15 Pa.S.A. § 1910; 15 Pa.C.S.A. § 8302; 15 Pa.C.S.A. § 8503; 23 Pa.C.S.A. § 4307.

In summary, appellant makes no persuasive argument, and we see none, that would explain why the legislature, which obviously is aware of the proper manner to incorporate references to federal legislation under the construct contemplated in the Statutory Construction Act, nonetheless would fail specifically to cite to a title of the 11 U.S.C.A., if it intended to include federal bankruptcy exemptions within 42 Pa.C.S.A. § 8121. Because we see no reason in law or logic to construe § 8121 as appellant would have us construe it, we conclude that the trial court did not err in holding that § 8121 does not authorize the use of federal bankruptcy exemptions in an execution proceeding at the state level.[1] Accordingly, for the forgoing reasons, we affirm the order below.

Order affirmed.

---

**1.** Appellant also raises a claim regarding the effect abandonment of her premises had upon her property interests as a debtor under federal bankruptcy law. *See* 11 U.S.C.S. § 554. Appellant contends that abandonment terminates only the automatic stay which protects the *estate's* interest in the property (which interest is declared upon filing for bankruptcy and all process against the property is stayed), and not the automatic stay which protects the *debtor's* interest in the property. She therefore argues that her property remained under the jurisdiction of the United States Bankruptcy Court, and the sale of her property violated the federal homestead exemption interest protected by the automatic stay she received after filing for bankruptcy. We agree with appellant that abandonment does not terminate the stay protecting a debtor's interest in the property; that protection terminates only if one of the events specified in 11 U.S.C.A. § 362(c)(2) occurs. Under § 362(c)(2), termination occurs if the case is closed, the case is dismissed, or an order of discharge is entered, whichever comes first. *Id.* In this case, an order of discharge was entered on March 18, 1987 and the estate was closed on November 30, 1987. Thus, we agree with the trial court that the automatic stay protecting appellant's interest in the property previously was terminated by an order of discharge at the time the execution took place.