J-A26009-21

2022 PA Super 31

ESTATE OF: RICHARD A. CHENNISI,   :   IN THE SUPERIOR COURT OF
DECEASED                            :         PENNSYLVANIA
                                      :
                                      :
                                      :
APPEAL OF: LAUREN E. NEWMAN   :   No. 362 EDA 2021

Appeal from the Order Entered January 12, 2021
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  No. 1516-2003

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

CONCURRING/DISSENTING OPINION BY McCAFFERY, J.:

**FILED FEBRUARY 18, 2022**

I agree with the Majority's disposition of Appellant Lauren E. Newman's

third issue — that the September 11th Victim's Compensation Fund (VCF)

award is subject to administration by the estate.  However, with respect to

Ms. Newman's first two issues, I would conclude we are bound by the holding

in ***Ambrosia v. Yerage***, 572 A.2d 777 (Pa. Super. 1990), that the term

"statute," when used in a Pennsylvania statute, refers only to a Pennsylvania

statute, and thus not to a federal statute.  To this end, I would affirm the

holdings of the trial court that: (1) under 20 Pa.C.S. § 2102(2),[1] the VCF

---

[1] Section 2102(2) provides:

The intestate share of a decedent's surviving spouse is:

\*     \*     \*

    (2)  If there is no surviving issue of the decedent but he is
survived by a parent or parents, the first $ 30,000 plus one-half
of the balance of the intestate estate.  Notwithstanding the
foregoing, in the case of a decedent who died as a result of the

award was **not** "paid pursuant to the Air Transportation Safety and System Stabilization Act"[2] (ATSSSA); and thus (2) the VCF award should be allocated to the estate (Estate) of Richard A. Chennisi (Decedent), and not distributed in full to Ms. Newman. Accordingly, I concur in part and dissent in part.

I agree with the Majority that in order to determine whether the reference, in 20 Pa.C.S. § 2102(2), to the federal ATSSSA includes amendments to the ATSSSA, we must consider 1 Pa.C.S. § 1937(a),[3] as well as the term "statute." I further agree with the Majority's apt summary of these statutes, as well as the Pennsylvania Statutory Construction Act,[4] the decision of our sister Court in ***Charter Hospital of Bucks County, Inc. v.***

---

terrorist attacks of September 11, 2001, a surviving spouse shall be entitled to 100% of **any compensation award paid pursuant to the Air Transportation Safety and System Stabilization Act** (Public Law 107-42, 115 Stat. 230).

20 Pa.C.S. § 2102(2) (emphasis added).

[2] ***See*** 107 P.L. 42, 115 Stat. 230.

[3] Section 1937(a) provides:

A reference in a statute to a statute . . . includes the statute . . . with all amendments and supplements thereto and any new statute . . . substituted for such statute . . . , as in force at the time of application of the provision of the statute in which such reference is made, unless the specific language or the context of the reference in the provision clearly includes only the statute . . . as in force on the effective date of the statute in which such reference is made.

1 Pa.C.S. § 1937(1).

[4] 1 Pa.C.S. §§ 1501-3103.

- 2 -

*Commonwealth, Dep't of Health*, 534 A.2d 1125 (Pa. Cmwlth. 1987) (*Charter Hospital*), and the federal Western District of Pennsylvania Court's decision in *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D.Pa. 2011).

However, I respectfully disagree with the Majority's determination that this Court's 1990 opinion in *Ambrosia* is not binding on this panel or applicable to the issue before us. In *Ambrosia*, the plaintiff won a $14,950 judgment against the husband-and-wife defendants, which became a lien against the defendants' home. *Ambrosia*, 572 A.2d at 778. The defendants subsequently filed a Chapter 7 bankruptcy in federal court. *Id.* Their home, however, was not included in the bankruptcy estate, but instead permitted by the bankruptcy court to be "abandon[ed]" from the estate, due to its lack of "equity for the general creditors." *Id.*

After the bankruptcy matter concluded, the defendants' home was subject to Pennsylvania execution proceedings, and was accordingly sold at sheriff's sale for $21,200. The *Ambrosia* trial court denied the defendants' claim for a $15,000 exemption, under **federal** bankruptcy laws, for the proceeds of the sale. *Ambrosia*, 572 A.2d at 778. Instead, the trial court granted the defendants a $300 exemption pursuant to Pennsylvania statute 42 Pa.C.S.A. § 8123(a) ("General monetary exemption."). *Id.*

On appeal, the defendants argued the trial court erred in not allowing them to claim the $15,000 federal exemption in addition to the $300

Pennsylvania exemption. ***Ambrosia***, 572 A.2d at 779. They relied on 42 Pa.C.S.A. § 8121, which provided in part:

> **(a) General Rule.—** . . . [T]he exemptions from execution specified in this subchapter are in addition to any other exemptions from execution granted by **any other statute**.

***Ambrosia***, 572 A.2d at 779, *quoting* 42 Pa.C.S. § 8121(a) (emphasis added). The defendants argued the phrase, "any other statute," indicated the legislature's intent "to expressly authorize all of the Pennsylvania exemptions in addition to any other exemptions from execution." ***Ambrosia***, 572 A.2d at 779.

This Court disagreed, first reasoning, "The decision in this case turns on the construction to be given the phrase 'any other statute,' contained in 42 Pa.C.S.A. § 8121." ***Ambrosia***, 572 A.2d at 779. The Court referred to the definitional section of our Statutory Construction Act, Section 1991, which defined the term "statute" as "[a]n act of the General Assembly, whether under the authority of the Commonwealth or of the late Proprietaries of the Province of Pennsylvania." ***Id.*** at 780, *quoting* 1 Pa.C.S. § 1991. We held the term "statute," "whenever" used in a Pennsylvania statute, means a Pennsylvania statute:

> When the legislature has so defined a word or phrase, we are bound by its definition. . . . Thus, as a matter of statutory construction, whenever a statute, such as 42 Pa.C.S.A. § 8121, employs the term "statute", **it cannot be construed to refer to anything other than statutes enacted by the Pennsylvania legislature**.

> From this, we must conclude that the legislative intent in

- 4 -

§ 8121 was to allow Pennsylvania residents additional exemptions from execution granted **by any other Pennsylvania statute** exclusive of Chapter 81, subchapter B. There is no support, as a matter of statutory construction, for [the defendants'] suggestion that the Pennsylvania legislature intended that the federal exemptions contained in 11 U.S.C.A. § 522(d) are to be made available to a debtor in a state execution proceeding.

*Ambrosia*, 572 A.2d at 779-80 (emphases added). This Court thus "conclude[d] the trial court did not err in holding that § 8121 does not authorize the use of federal bankruptcy exemptions in an execution proceeding at the state level." *Id.* at 780 (footnote omitted).

The *Ambrosia* opinion was issued in 1990, 31 years ago, and remains good law as it has not been criticized or reversed. It is well settled that "panel opinions of this Court are binding precedent and we must follow them until overruled by either this Court sitting *en banc* or by a higher court." *Commonwealth v. Spease*, 911 A.2d 952, 959 (Pa. Super. 2006).

*Ambrosia* was positively relied upon in this Court's 2002 decision in *Equitable Gas Co. v. Wade*, 812 A.2d 715 (Pa. Super. 2002). In that case, a public utility/gas company sued a customer for overdue gas bills. *Id.* at 716. The gas company also sought post-judgment interest at the rate of 18%, citing both: (1) a tariff it received, from the Pennsylvania Public Utility Commission, which permitted "up to 18% annual interest on delinquent accounts;" and (2) a Public Utility Commission regulation "governing late payments of utility bills." *Id.* at 716, 717. The trial court entered a verdict

in the gas company's favor, but awarded post-judgment interest at the rate of 6%, pursuant to 42 Pa.C.S. § 8101. ***Equitable Gas Co.***, 812 A.2d at 716.

On appeal by the gas company, this Court considered 42 Pa.C.S.A. § 8101, which governed post-judgment interest and stated:

> **Except as otherwise provided by another statute**, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict, or from the date of the judgment, if the judgment is not entered upon a verdict or award.
>
> 42 Pa.C.S.A. § 8101 (emphasis added). The legal rate is 6% per year. 41 P.S. § 202.

***Equitable Gas Co.***, 812 A.2d at 717. This Court rejected the gas company's reliance on the tariff and the regulation for seeking an 18% rate. ***Id.*** In so holding, we relied on Section 1991's definition of "statute" and the ***Ambrosia*** decision, finding

> the simple reason that neither [the tariff nor the regulation] is a "statute," as that term is defined by statutory and case law. "The term 'statute' specifically is defined in 1 Pa.C.S.A. § 1991 as '**[a]n act of the General Assembly** whether under the authority of the Commonwealth or of the late Proprietaries of the province of Pennsylvania.'" ***Ambrosia***[, 572 A.2d at 780] (emphasis added).

***Equitable Gas Co.***, 812 A.2d at 717.

In the instant appeal, the Majority correctly points out that, unlike ***Charter Hospital*** and ***Cerutti***, the ***Ambrosia*** decision did not address Section 1937. To reiterate, that section states, "A reference in a statute to a statute . . . includes the statute . . . with all amendments and supplements thereto and any new statute . . . substituted for such statute . . . .". 1 Pa.C.S. § 1937(a). The Majority reasons that because Section 1937 was not at issue

in either **Ambrosia** or **Equitable Gas**, those decisions offer "little guidance in the instant appeal beyond demonstrating the applicability of § 1991.[ ]" Majority Op. at 16 & n.8. The Majority further opines that **Ambrosia**'s "broad pronouncement about the construction of statutes other than the one before it . . .is non-binding dicta." **Id.** at 17.

I respectfully disagree with the Majority's reasoning that **Ambrosia**'s lack of discussion of Section 1937(a) renders **Ambrosia**'s holding irrelevant or inapplicable on this panel. While the question presented in this appeal relates to amendments to the ATSSSA, the ultimate issue we must resolve is whether the term "statute," when used in a Pennsylvania statute: (1) refers only to other Pennsylvania statutes; or (2) includes federal statutes.

In reviewing the relevant statutory language, we may decide this question without Section 1937, by looking simply to the definition of "statute" within our Statutory Construction Act. Statutory interpretation of Section 1937 likewise would ultimately direct us to the statutory definition of "statute." **See** 1 Pa.C.S. § 1937(a) ("A reference in a statute to a **statute** . . . includes the statute . . . with all amendments and supplements thereto and any new statute . . . substituted for such statute . . . .").

**Ambrosia** has resolved that question, albeit in the context of another statute and area of law. **Ambrosia** concluded the term "statute," as defined in Section 1991, refers only to other Pennsylvania statutes. **See Ambrosia**, 572 A.2d at 780 ("[A]s a matter of statutory construction, whenever a statute

. . . employs the term 'statute', it cannot be construed to refer to anything other than statutes enacted by the Pennsylvania legislature."). The opinion in *Equitable Gas* likewise applied the *Ambrosia* holding to another statute and area of law — 42 Pa.C.S.A. § 8101. *See Equitable Gas Co.*, 812 A.2d at 717.

The Majority also addresses the following emphasized portion of Section 1991, "The following words and phrases, when used in any statute . . . , **unless the context clearly indicates otherwise**, shall have the meanings given to them in this section[.]" Majority Op. at 16, *quoting* 1 Pa.C.S. § 1991 (emphasis in Majority Op.). The Majority opines Section 1937 does include such "context" that indicates the legislature's intent for Section 1937 "to apply to statutes and regulations other than those of the General Assembly." Majority Op. at 17. For ease of discussion, I set forth the provisions of Section 1937(a) in full:

> A reference in a statute to **a statute or to a regulation issued by a public body or public officer** includes the statute or regulation with all amendments and supplements thereto and any new statute or regulation substituted for such statute or regulation, as in force at the time of application of the provision of the statute in which such reference is made, unless the specific language or the context of the reference in the provision clearly includes only the statute or regulation as in force on the effective date of the statute in which such reference is made.

*See* 1 Pa.C.S. § 1937(a) (emphasis added). Based on the emphasized language above, the Majority opines the General Assembly intended that a statute's "reference to a law" includes not only the General Assembly's own

amendments, supplements, and replacements, "but also the **laws** of 'any public body or officer." Majority Op. at 17 (emphasis added).

I am not convinced by the Majority's interpretation that a "public body or officer" may also enact a statute.[5] **See** 1 Pa.C.S. § 1937(a). As stated above, in **Equitable Gas**, this Court rejected an argument that a regulation, by the Public Utility Commission, was a "statute" within the definition of Section 1991. **See Equitable Gas Co. v. Wade**, 812 A.2d at 717.

In any event, as stated above, I agree with the Majority's summaries of the Commonwealth Court's decision in **Charter Hospital** and the federal district court's decision in **Cerutti**. Notwithstanding the Majority's opinion that **Ambrosia**'s discussion, of the Section 1991 definition of "statute," is dicta, Majority Op. at 17, I believe we are bound by **Ambrosia**. Absent any reversal of or pronouncement against **Ambrosia** by the Pennsylvania or United States Supreme Court, or the Superior Court sitting *en banc*, that decision remains binding authority on this panel. **See Spease**, 911 A.2d at 959. Furthermore, to the extent that the language of Sections 1937 or 2102(2) — which are clear on their face — could or should be phrased differently, I note the courts "may not amend the statute but instead must examine the statute as drafted by the legislature." **See Holland v. Marcy**, 883 A.2d 449, 456-57 (Pa. 2005).

---

[5] To this end, while the Majority would apply the phrase, "issued by a public body or public officer," to both a statute and a regulation, I would interpret that phrase ("issued by a public body or public officer") to modify only the word "regulation." **See** 1 Pa.C.S. § 1937(a).

Accordingly, I would hold that the phrase "statute," as it appears in Section 1937(a), refers only to a Pennsylvania statute, and not a federal statute, such as the ATSSSA.  **See** 1 Pa.C.S. §§ 1991, 1937(a); **Ambrosia**, 572 A.2d at 780.  Thus, I would conclude the trial court did not err in finding: (1) the VCF award in this matter was **not** "paid pursuant to the" ATSSSA, under Section 2102(2); (2) the award is thus properly included as an asset in Decedent's Estate; and (3) Ms. Newman is not entitled to 100% of the award. **See** Trial Ct. Op. at 8.

For the foregoing reasons, I respectfully concur and dissent.