COMMONWEALTH of Pennsylvania, Appellee

v.

**Lorraine K. SPEASE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 2006.
Filed Nov. 13, 2006.

entering into a contractual agreement with Appellee prior to executing the same.

954 ▪ ▬

Paul R. Wagner, Harrisburg, for appellant.

Daniel W. Stern, Asst. Dist. Atty., New Bloomfield, for Com., appellee.

BEFORE: MUSMANNO, BENDER and TAMILIA, JJ.

1. 75 Pa.C.S.A. § 3802(c).

OPINION BY TAMILIA, J.:

¶ 1 Lorraine Spease appeals from the April 6, 2006 judgment of sentence of ninety (90) days to eighteen (18) months imprisonment, payment of a $1,500 fine plus costs, and an eighteen (18) month license suspension, imposed following a bench trial in which the court convicted her of driving under the influence (DUI) of alcohol or controlled substance.[1]

[On June 15, 2004,] the Defendant, Lorraine Spease ("Spease"), was involved in a minor accident with a parked vehicle, in Marysville Borough, Perry County, PA. She was detained at the scene by the victim's boyfriend. When the officer arrived, the officer observed that the defendant's eyes were bloodshot and glassy, and that she had a difficult time focusing her eyes. Further, the officer detected an odor of alcohol on the defendant. The defendant was also having a difficult time standing. The officer advised her of her implied consent rights and she consented to a blood test. At the time of testing her blood alcohol content measured 0.257%.

Trial Court Opinion, Rehkamp, J., 6/21/06, at 1.

¶ 2 Initially, on December 2, 2004, appellant pled guilty to 75 Pa.C.S.A. § 3802, **Driving under influence of alcohol or controlled substance,** (a) **General impairment, (1),** and (c) **Highest rate of alcohol.** Record, No. 8. She petitioned to withdraw her guilty plea on December 15, 2004, indicating that she wished to challenge the constitutionality of the new DUI law, 75 Pa.C.S.A. 3802, *et seq.* Record, No. 11. On December 16, 2004, the court granted her petition and her plea was withdrawn. Record, No. 12. Although the court indicated that appellant filed an Omnibus Pre–Trial Motion in which she

raised various constitutional challenges to the new DUI law, *see* Trial Court Opinion at 1, no such motion appears in the record. The record does contain a brief, dated January 12, 2005, submitted on appellant's behalf, in which various constitutional challenges are raised. *See* Record, No. A1. On July 6, 2005, the court denied appellant's constitutional challenges. Record, No. 21. Appellant pled not guilty, waived her right to a jury trial, and proceeded to a non-jury trial on February 14, 2006, after which the court convicted her of DUI pursuant to Section 3802(c) only.[2] Record, Nos. 23, 29. On April 6, 2006, she was sentenced as indicated above. Following her appeal to this Court, the trial court ordered appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925, **Opinion in Support of Order,** (b) **Direction to file statement of matters complained of,** and appellant complied. Record, Nos. 34, 35.

¶ 3 In this timely appeal, appellant raises the following questions for our review:

A. Should Act 24 of 2003 be analyzed under the strict scrutiny test as effecting [sic] a fundamental right?

B. Does the statute violate the 5th Amendment of the United State Constitution if it is overly broad in its application to constitutionally protected activity?

C. Does the Act 24 of 2003 violate the due process guarantees in that it permits and promotes arbitrary and discriminatory enforcement by police officers?

D. Is Act 24 of 2003 arbitrary in its application and therefore violative

of the due process guarantees of the Constitution?

E. Does Act 24 of 2003 violate the defendant's 6th amendment right to counsel at a time of request for chemical test or refusal to take such test?

F. Does the Act violate the defendant's 5th Amendment right to remain silent?

G. Does Act 24 of 2003 violate the equal protection clause by creating classifications that do not bear a rational relationship to a legitimate state interest?

H. Does Act 24 of 2003 violate the due process clause of the federal and state constitutions and the notice and trial guarantees of the 6th Amendment by increasing the penalty for a crime without charging the element that increases the penalty and without requiring proof of that element?

I. Does Act 24 of 2003, as it amends § 6308 of the Motor Vehicle Code, violate Pennsylvania Constitution, Article I, § 8 and § 4?

J. Are the penalty provisions of Act 24 of 2003 ambiguous and inconsistent with other provisions of the Act so as to fail to provide notice to the accused that his contemplated conduct is unlawful?

Appellant's brief at 5–7.

¶ 4 The questions raised by appellant are all questions of law over which this Court exercises plenary review. *See Commonwealth v. McCoy,* 895 A.2d 18 (Pa.Su-

---

**2.** Section 3802(c) provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or

breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c).

per.2006), *citing Commonwealth v. Atwell*, 785 A.2d 123, 125 (Pa.Super.2001) (stating that we exercise plenary review over questions of law, including challenges to the constitutionality of statutes.).

¶ 5 Citing Pa.R.Crim.P. 575, **Motions and answers,** as support, the Commonwealth asserts appellant has waived all issues for her failure to file any motion or petition challenging the constitutionality of the Act. Commonwealth's brief at 11. Rule 575 gives the court some discretion as it provides "All motions shall be in writing, *except as permitted by the court* or when made in open court during a trial or hearing." Pa.R.Crim.P. 575(A), **Motions,** (1) (emphasis supplied). Additionally, although there is no specific document in the record titled a motion or petition, appellant did file a brief in January 2005, in which she raised the constitutional challenges and requested relief. *See* Record, No. A1. On January 20, 2005, the Commonwealth requested additional time to respond to appellant's challenges. Record, No. 13. The court granted the request and the Commonwealth filed a responsive brief on January 31, 2005. Record, Nos. 14, 16. Not only did the court address appellant's challenges by denying them on July 7, 2005, Record, No. 21, but appellant complied when asked to file a Rule 1925(b) statement, and again raised her constitutional challenges. Record, Nos. 34, 35. The court then authored an Opinion addressing the issues. Record, No. 3.

¶ 6 In sum, we find the issues are not waived for the following reasons. The court has discretion under Rule 575. Pretrial, appellant raised all constitutional challenges that she now raises before this Court; thus, the spirit of Rule 575, which provides that a failure to raise a ground for relief results in waiver of those grounds, is not violated. The Commonwealth was able to respond to the challenges. Appellant again raised the constitutional challenges in a 1925(b) statement, and the court authored an Opinion addressing her complaints; thus our review of the issues is unhampered.

¶ 7 Proceeding now to the merits of appellant's challenges, she first argues that Act 24 of 2003 should be analyzed under the strict scrutiny test. Where statutes are challenged as violating the constitutional protections to equal protection and/or due process, a court must first determine the appropriate degree of scrutiny which must be applied. *Commonwealth v. Burnsworth*, 543 Pa. 18, 29, 669 A.2d 883, 889 (1995); *Commonwealth v. Etheredge*, 794 A.2d 391, 396–397 (Pa.Super.2002). Where a case "does not involve a fundamental right or suspect class and does not involve an important right or sensitive classification, our inquiry rests upon whether there exists a rational basis for the classification." *See Commonwealth v. McCoy*, 895 A.2d 18, 34 (Pa.Super.2006).

¶ 8 Appellant does not indicate which "right" is at issue in this matter which justifies a level of scrutiny higher than the rational basis test. As the trial court aptly noted, driving is a *privilege,* not a fundamental right. Trial Court Opinion at 3, *citing Etheredge* at 396–397; *see also Commonwealth v. Jaggers*, 903 A.2d 33, 38 (Pa.Super.2006); *McCoy* at 33, *quoting Commonwealth v. Mikulan*, 504 Pa. 244, 254, 470 A.2d 1339, 1344 (1983) (emphasis in original) (stating "there is no constitutional, statutory or common law right to the consumption of *any* quantity of alcohol before driving").

¶ 9 Appellant also fails to indicate in her argument for this issue which classification the statute makes which justifies an elevated level of scrutiny. *See Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 n. 5 (1996) (stating that the threshold question in an equal protection analysis is

whether the statute creates a classification and since the appellant failed to demonstrate such a classification, no equal protection analysis was warranted). Elsewhere in her brief, however, appellant makes various arguments that the Act creates different classifications of drivers who violate section 3802(a)(1) based upon whether they are involved in an automobile accident and who caused the accident, the number of prior offenses, and whether they refused a chemical testing. Appellant's brief at 30–32. Certainly none of these alleged classifications are suspect or even sensitive. Thus, we find a rational basis test is applicable to appellant's due process and equal protection challenges.[3]

■ ¶ 10 Appellant next contends section 3802 is unconstitutionally overbroad because, pursuant to it, a person who drives sober, but who, days earlier, imbibed a sufficient amount of alcohol such that he was incapable of safe driving, potentially could be punished. In *McCoy, supra* at 30–33, we rejected this same interpretation of the statutory language as we found it leads to an absurd and unreasonable result, which we presume the legislature did not intend.

■ ¶ 11 Appellant also contends section 3802(c) potentially punishes those who may not have achieved the prohibited blood alcohol content (BAC) at the time of driving but reached those levels within two hours after driving.[4] In other words, section 3802(c) does not require proof that the person's BAC was above a prohibited level

*at the time of driving.* Appellant's brief at 16–18. This over breadth challenge effectively is an argument that the statute punishes conduct which is in some way protected. We rejected this specific challenge in *McCoy, supra,* and we will not rehash the issue here. We simply reiterate, "there is no constitutional, statutory or common law right to the consumption of *any* quantity of alcohol before driving" and also that the pertinent question under the new DUI law is not what an individual's BAC is at the time of driving but rather, "what is the individual's BAC as determined by a test taken within two hours of driving?" *McCoy* at 33, *quoting Commonwealth v. Mikulan,* 504 Pa. 244, 254, 470 A.2d 1339, 1344 (1983) (emphasis in original). Appellant relies heavily upon *Barud, supra,* for this issue, but as we noted in *McCoy, Barud* involved the interpretation of the former DUI law and thus *Barud* is not controlling on this issue. *See McCoy* at 32.

¶ 12 Appellant also contends section 3802 is unconstitutionally vague since it does not provide a reasonable standard by which an ordinary person may contemplate future conduct. A panel of this court recently addressed this very argument and concluded section 3802(c) is not void for vagueness. *Commonwealth v. Thur,* 906 A.2d 552, 561–563 (Pa.Super.2006).

■ ¶ 13 Thirdly, appellant maintains the new DUI law permits and promotes arbitrary and discriminatory enforcement since a driver is subjected to different penalties pursuant to section 3804 based

---

3. Under a rational basis analysis, we first must determine whether the challenged statute seeks to promote any legitimate state interest or public value. If so, we must next determine whether the classification adopted in the legislation is reasonably related to accomplishing that articulated state interest or interests. *Commonwealth v. Albert,* 563 Pa. 133, 140, 758 A.2d 1149, 1152 (2000).

4. Appellant actually challenges sections (a)(2), (b), and (c). Throughout this Opinion, we will only address appellant's challenges as to section 3802(c) since appellant was only convicted pursuant to that provision of the statute. *See Commonwealth v. McCoy,* 895 A.2d 18, 32 n. 8 (Pa.Super.2006) (reiterating that one must be affected by the particular provision of a statute in order to have standing to challenge it).

upon the "arbitrary and the discriminatory action of police in dictating the 'time' for the driver to take the [chemical] test." Appellant's brief at 20. It is the time for taking the test, appellant argues, that renders the statute unconstitutional and promotes arbitrary action by the government. *Id.* In *McCoy*, we rejected the suggestion that an officer will exercise discretion by somehow knowing when the person's BAC will peak and will time the chemical test accordingly. Record, Nos. 33, *citing Mikulan, supra* at 253, 470 A.2d at 1343 n. 8. Also, in *Thur, supra*, we specifically held that it is constitutionally permissible to require a person to monitor his or her conduct so as to ensure that he or she does not have a prohibited blood alcohol level *at any time within two hours of driving. Thur* at 563. If appellant fails to do so, the risk of erroneous judgment is placed squarely and properly upon the person who chooses to drink and drive. *Thur* at 562. We thus reject appellant's argument on this issue.

¶ 14 Appellant next contends section 3804(b) is discriminatory and arbitrary in its enforcement and application since persons who violate section 3802(a)(1) are subjected to different penalties based upon whether they were involved in an accident which resulted in bodily injury and who caused the accident. As noted *supra*, appellant was not convicted under section 3802(a)(1) and thus has no standing to challenge it. *See McCoy, supra* at 32 n. 8.

¶ 15 Appellant also argues the Act violates her 6th Amendment right to counsel at the time of request/refusal to take the chemical test. In *McCoy*, this Court held there is no 6th Amendment right to counsel at that time. Record, Nos. 28–29; *see*

*also Commonwealth v. Ciccola*, 894 A.2d 744 (Pa.Super.2006).

■ ¶ 16 Appellant further alleges her 5th Amendment right to remain silent is violated because a person must verbalize his or her assent to a chemical test; silence is interpreted as a refusal, is admissible to incriminate him or her at trial, and enhances the criminal penalties to which one is subject. She contends "by placing a defendant in a position that the exercise of his constitutional right to remain silent constitutes a 'refusal,' the defendant gives up his constitutional right to remain silent, and his silence is admissible to incriminate him at the time of trial." Appellant's brief at 28. She specifically states "[i]t is the 'refusal' that violates a defendant's 5th Amendment right against self-incrimination." *Id.* She complains that "[a]s long as the 'refusal' constitutes an enhancement in the form of a criminal penalty for violation of § 3802, then the Act is unconstitutional as being violative of a defendant's 5th Amendment right against self-incrimination." *Id.* at 29. Appellant, however, consented to the chemical test, something she, by operation of law, is deemed to have done simply by operating a vehicle in the Commonwealth.[5] She did not refuse to take the chemical test, thus she does not have standing to make this challenge. *See McCoy* at 32 n. 8.

¶ 17 Next, appellant contends the Act violates the equal protection clause by creating classifications that do not bear a rational relationship to a legitimate state interest. All of her arguments on this issue relate to violations of section 3802(a)(1), and, as such, appellant has no standing to raise these challenges. *See McCoy, supra* at 32 n. 8.

---

5. Pennsylvania's implied consent law, 75 Pa. C.S.A. § 1547, **Chemical testing to determine amount of alcohol or controlled substance, (a)**, essentially deems that by operating a motor vehicle in the Commonwealth, a person has consented to a chemical test for the purpose of determining the level of alcohol or the presence of a controlled substance in the blood.

¶ 18 Appellant further asserts the Act violates the Constitution in a variety of ways because penalties as set forth in section 3804 are increased if one is convicted of section 3802(a)(1) and refuses to submit to chemical testing, but the Act allegedly does not require proof of refusal as an element of the crime. Appellant further points out that under section 3804, one who is convicted of section 3802(a)(1) where there was an accident resulting in bodily injury, death, or damage to a vehicle or other property is subject to enhanced penalties. *See* 75 Pa.C.S.A. § 3804(b). Again we reiterate that appellant was not convicted under section 3802(a)(1), and did not refuse to submit to chemical testing, thus she has no standing as to these issues. *See McCoy, supra* at 32 n. 8.

 ¶ 19 Appellant also insists section 6308 of the Act, **Investigation by police officers,** (b) **Authority of police officer,** improperly allows police officers to stop a vehicle based upon reasonable suspicion rather than the higher standard of probable cause.[6] She contends this is a violation of Article I, Sections 8 and 4 of the Pennsylvania Constitution. In *Commonwealth v. Sands,* 887 A.2d 261 (Pa.Super.2005), we concluded Article I, Section 8 of the Pennsylvania Constitution is not violated where a vehicle stop is based upon a reasonable suspicion that the driver is driving under the influence. Appellant indicates she is "acutely aware" of *Sands,* but "nonetheless believes that the intrusions exist." Appellant's brief at 12. *Sands* is binding upon this Court and we are not at liberty to

overrule it. *Marks v. Nationwide Ins. Co.,* 762 A.2d 1098, 1101 (Pa.Super.2000) (reiterating that panel opinions of this Court are binding precedent and we must follow them until overruled by either this Court sitting *en banc* or by a higher court). Appellant makes no argument as to how section 6308(b) violates Article I, Section 4 of the Pennsylvania Constitution, and thus it is waived. *Commonwealth v. Bavusa,* 574 Pa. 620, 636–637, 832 A.2d 1042, 1052 (2003) (reiterating that claims for which arguments are undeveloped are waived).

¶ 20 Finally, appellant contends the Act is unconstitutionally vague because section 1547 states that no presumptions shall arise from evidence of a person's refusal to submit to chemical testing, but that it may be considered along with other factors concerning the charge, *see* 75 Pa.C.S.A. § 1547(e), **Refusal admissible in evidence,** but refusal to submit to chemical testing subjects one to enhanced penalties under section 3804(c), **Incapacity; highest blood alcohol; controlled substances.** She contends this is ambiguous and inconsistent with other provisions of the Act, and renders the penalty portions unconstitutional. Again, appellant did not refuse and thus has no standing as to this issue. *See McCoy, supra.*

¶ 21 For the reasons indicated above, we reject each of appellant's challenges and affirm her judgment of sentence.

¶ 22 Judgment of sentence affirmed.

6. Section 6308 provides:

Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has *reasonable suspicion* that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. 6308(b) (emphasis supplied).