**COMMONWEALTH of Pennsylvania, Appellee**

v.

**William Henry GORDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 2010.
Filed March 26, 2010.

sent to Gordon explaining the registration process. Because we are bound by the statutory language of the Megan's Law registration provisions, we are constrained to vacate and discharge the defendant.

MaryJean Glick, Public Defender, for appellant.

Joseph P. McMahon, Asst. Dist. Atty., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., LAZARUS and FITZGERALD *, JJ.

OPINION BY LAZARUS, J.:

¶ 1 William Henry Gordon appeals from his judgment of sentence after being convicted of violating a registration provision (failure to report address change)[1] of Pennsylvania's version of Megan's Law[2] ("Act") and sentenced to a mandatory minimum term of 3–6 years' incarceration.[3] On appeal he claims: (1) under a strict reading of the applicable Megan's Law provisions, he is not subject to prosecution for failure to comply with the registration provisions and (2) the trial court erred in admitting the testimony of a Pennsylvania State Police Trooper regarding a letter

## FACTS

¶ 2 In 1997, Gordon pled guilty in the state of Delaware to unlawful sexual penetration of the third degree (a crime substantially similar to Pennsylvania's sexual assault statute)[4] and registered with the Delaware State Sex Offender Registry as a lifetime registrant. He subsequently moved to Pennsylvania, where he became subject to the lifetime registration provision of this Commonwealth's version of Megan's Law, 42 Pa.C.S.A. § 9795.1(b)(4), due to his Delaware conviction.

¶ 3 On February 20, 2007, Gordon registered with the Pennsylvania State Police Megan's Law Unit ("the Unit") in compliance with section 9795.2 (registration provisions). On July 25, 2007, Gordon was apprehended by Pennsylvania State Police on an outstanding Delaware State warrant.[5] During an interview with the state police, Gordon revealed that he no longer resided at the address on file with the Unit.[6] He also stated that he had become

---

* Former Justice specially assigned to the Superior Court.

1. See 42 Pa.C.S.A. § 9795.2(a)(2)(i) (change of residence or establishment of additional residence or residences).

2. See 42 Pa.C.S.A. §§ 9791–9799.7.

3. Gordon first challenged the charges in a pre-trial motion to dismiss that was denied by the trial court.

4. The parties do not dispute that Gordon's Delaware crime is substantially similar to this Commonwealth's sexual assault statute, and, thus makes him subject to register under Megan's Law for his lifetime.

5. The Delaware warrant had been issued on March 21, 2007 due to Gordon's failure to register or re-register as a sexual offender or otherwise comply with the provisions of sexual offender registration.

6. The testimony at trial revealed that Gordon registered his home address with the state police as the Stonemill Apartments in February 2007; however, when he left that apartment in May 2007 he never notified the police of the change (Count 1). Moreover, the evidence showed that when Gordon initially registered with the Pennsylvania State Police in February 2007 he was listed as unemployed; however, he had been working at a Holiday Inn since October 2006, was let go, rehired in the Spring of 2007 and then terminated from that employ in June 2007 (Counts 2 & 3)—all without notifying the state police of these changes in employment status.

employed in the Spring of 2007 (Count 2) and had been terminated from that job in June 2007 (Count 3) without reporting either event to the Unit. Based upon that information, the Pennsylvania State Police filed the instant case charging him with non-compliance with our Commonwealth's Megan's Law registration provisions.[7]

¶4 Both the trial court and the Commonwealth concede that under a strict reading of 18 Pa.C.S.A. § 4915 (failure to comply with registration requirements), Gordon is not subject to punishment for failure to notify the authorities of his change of residence and employment status. Despite this literal reading, however, the trial court determined that it would be absurd not to subject Gordon to the provisions of section 4915 where individuals who are only required to register for ten years (unlike his lifetime requirement) are subject to the section 4915 sanctions for failure to register.

¶5 Because we must strictly construe criminal statutes and the clear language of section 4915 does not subject Gordon to punishment for failing to notify authorities that he had changed his residence and employment status, we must vacate his sentence.

## ISSUES

(1) *Applicability of Relevant Megan's Law Provisions*

¶6 The crux of the issue on appeal is whether a lifetime registrant under section 9795.1(b)(4) should be subject to the penalty provisions of section 4915. Thus, this is a classic case of statutory interpretation. Under the Statutory Construction Act, 1 Pa.C.S.A. § 1501, *et seq.,* the object of all

statutory construction is to effectuate the General Assembly's intent. 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b).

¶7 According to 42 Pa.C.S. § 9795.1., Gordon was subject to lifetime registration in this Commonwealth under Megan's Law for his Delaware state offense:

(b) LIFETIME REGISTRATION.— **The following individuals shall be subject to lifetime registration:**

(1) An individual with two or more convictions of any of the offenses set forth in subsection (a).

(2) Individuals convicted of any of the following offenses:

18 Pa.C.S. § 3121 (relating to rape).

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

18 Pa.C.S. § 3124.1 (relating to sexual assault).

18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

18 Pa.C.S. § 4302 (relating to incest) when the victim is under 12 years of age.

(3) Sexually violent predators.

(4) **Individuals currently residing in this Commonwealth who have been convicted of offenses *similar to the crimes cited in paragraph (2)* under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a**

---

7. Although Gordon was only convicted of failure to report an address change, he was charged with (and ultimately acquitted of) failure to report employment and failure to report termination of employment. *See* 42 Pa.C.S.A. § 9795.2(a)(2)(ii).

foreign nation or under a former law of this Commonwealth.

42 Pa.C.S.A. § 9795.1(b) (emphasis added).[8]

¶ 8 Moreover, under 18 Pa.C.S.A. § 4915, the provision the court applied to sentence Gordon in the instant case, individuals who are required to register under Megan's Law and who fail to comply with the registration provisions set forth in § 9795.2 of the Act, commit a felony of either the second or third degree. Section 4915 states:

§ 4915. Failure to comply with registration of sexual offenders requirements:

(a) OFFENSE DEFINED.—**An individual who is subject to registration under** 42 Pa.C.S. § 9795.1(a) (relating to registration) **or** an individual who is subject to registration under **42 Pa.C.S. § 9795.1(b)(1), (2) or (3) commits an offense if he knowingly fails to:**

(1) register with the Pennsylvania State Police as required under 42 Pa. C.S. § 9795.2 (relating to registration procedures and applicability);

(2) verify his address or be photographed as required under 42 Pa.C.S. § 9796 (relating to verification of residence); or

(3) **provide accurate information when registering under 42 Pa.C.S.** § 9795.2 or verifying an address under 42 Pa.C.S. § 9796.

18 Pa.C.S.A. § 4915(a)(emphasis added).

¶ 9 Therefore, a literal reading of the statute clearly indicates that an individual who is subject to lifetime registration under 9795.1(b)(4) is *not* subject to the penalty provisions of section 4915. Although we can understand the trial court's and Commonwealth's argument that if ten-year registrants and all other lifetime registrants are subjected to the penalty provisions of section 4915, then it only makes sense to subject Gordon to the same provisions, we, as a Court, have no power to rewrite the statute by criminalizing Gordon's behavior.

¶ 10 Judgment of sentence vacated. Defendant discharged. Jurisdiction relinquished.[9]

---

8. Similar to Megan's Law offenders under section 9795.1(b)(4), individuals who have been convicted of a less serious offense outside of this Commonwealth, but currently reside in Pennsylvania, are required to register with the state police for ten years. See 42 Pa.C.S.A. § 9795.1(a)(3). While it appears that the Legislature did not intend to treat lifetime registrants and ten-year registrants differently for purposes of punishment for non-compliance with registration requirements, this apparent oversight is best left to the Legislature to correct. *See* 2009 H.B. 1926, 193 Gen. Assem., Reg. Sess. (Pa. 2009)

(current House Bill seeking to amend, in part, section 4915(a) to now include all individuals required to register under section 9595.1 (with no specific designation of subsections (a) or (b) offenders) to comply with section 4915 provisions).

9. Having vacated Gordon's judgment of sentence, we need not address his remaining claim regarding the improper admission of a Trooper's testimony regarding a letter explaining the registration process under Megan's Law.