J-S41015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRUCE DEWAYNE GARRETT, | |
| Appellee | No. 2159 MDA 2014 |

Appeal from the Judgment of Sentence entered December 3, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0000633-2014

BEFORE:  ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED JULY 22, 2015**

The Commonwealth appeals from the judgment of sentence which the trial court imposed upon Bruce Dewayne Garrett, ("Garrett"), pursuant to ***Commonwealth v. Musau,*** 69 A.3d 754 (Pa. Super. 2013).  We affirm.

The trial court explained:

> On December 3, 2014, [Garrett] plead guilty before the Honorable Thomas H. Kelley, VI to driving under the influence of alcohol or a controlled substance (DUI) under 75 Pa.C.S.A § 3802(a)(1).  The [December 13, 2013] DUI offense was [Garrett's] second in the last ten years.  As a result, the Commonwealth charged [Garrett] with a Tier III, second offense.
>
> On December 3, 2014, the Court imposed a sentence of 6 months intermediate punishment with the first 90 days on house arrest with SCRAM monitoring, followed by 45 days in the York County Prison.  The Commonwealth did not agree on a maximum sentence.  The Commonwealth now appeals the Court's Sentencing Order imposing [Garrett's] maximum sentence.

_____
*Retired Senior Judge assigned to Superior Court.

Trial Court Opinion, 2/6/15, at 1-2.  The Commonwealth filed a timely notice

of appeal.   The Commonwealth and the trial court have complied with

Pa.R.A.P. 1925.

The Commonwealth's sole issue on appeal is:

WHETHER THE SENTENCING COURT ERRED WHEN IT HELD
THAT SIX MONTHS FOR [GARRETT'S] DRIVING UNDER THE
INFLUENCE (REFUSAL) (2ND OFFENSE) CONVICTION WAS THE
STATUTORY MAXIMUM ALLOWABLE SENTENCE IT COULD
CONSIDER[?]

Commonwealth Brief at 4.

We recognize:

[] Issues relating to the legality of a sentence are questions of
law, as are claims raising a court's interpretation of a statute.
*Commonwealth v. Ausberry,* 891 A.2d 752, 754 (Pa. Super.
2006).  Our standard of review over such questions is *de novo*
and our scope of review is plenary. *See Leverette,* 911 A.2d at
1002.

***Commonwealth v. Diamond,*** 945 A.2d 252, 256 (Pa. Super. 2008).

Further, we cannot disregard that:

"The Rules of Appellate Procedure state unequivocally that each
question an appellant raises is to be supported by discussion and
analysis of pertinent authority." *Estate of Haiko v. McGinley,*
799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b).
"Appellate arguments which fail to adhere to these rules may be
considered waived, and arguments which are not appropriately
developed are waived.  Arguments not appropriately developed
include those where the party has failed to cite any authority in
support of a contention." *Lackner v. Glosser,* 892 A.2d 21, 29–
30 (Pa. Super. 2006) (citations omitted).  This Court will not act
as counsel and will not develop arguments on behalf of an
appellant.  *Irwin Union National Bank and Trust Company v.
Famous and Famous and ATL Ventures,* 4 A.3d 1099, 1103 (Pa.
Super. 2010) (*citing Commonwealth v. Hardy,* 918 A.2d 766,

771 (Pa. Super. 2007)). Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella v. Commonwealth,* 958 A.2d 1069, 1073 n. 8 (Pa. Cmwlth. 2008) (*quoting Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n. 11 (Pa. Cmwlth. 2002)).

***Coulter v. Ramsden,*** 94 A.3d 1080, 1088-1089 (Pa. Super. 2014).

Here, the Commonwealth raised and developed their ***Musau*** issue. However, the Commonwealth has failed to develop their additional assertion that "in regards to [Garrett], 75 Pa.C.S.A. § 3804(d) expressly requires the sentencing court to issue a maximum sentence equivalent to the statutory maximum when the defendant's CRN evaluation shows that the individual is in need of additional treatment and a treatment evaluation pursuant to 75 Pa.C.S.A. § 3814(2) is needed." Commonwealth Brief at 7; *see generally* 8-24. Indeed, the Commonwealth failed to specify the Section 3804(d) issue in their Pa.R.A.P. 1925 statement. ***See*** Commonwealth's Pa.R.A.P. 1925 Statement of Errors Complained of on Appeal, 1/5/15. Accordingly, the Commonwealth's argument regarding the trial court's failure to sentence Garrett pursuant to 75 Pa.C.S.A. § 3804(d) is waived.

With regard to the Commonwealth's ***Musau*** issue, we quote below from our decision:

[S]ection 3803 of the vehicle code … provides in relevant part as follows[:]

**(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

\* \* \*

**(b) Other offenses.**—

\* \* \*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803. The statutory maximum sentence for misdemeanors of the first degree is five years' imprisonment. 18 Pa.C.S. § 106(b)(6), (e).

\*\*\*

[Musau] … claims that "[i]t is equally clear from the statute that subsection (a) dictates that the maximum sentence [Musau] could receive for this particular offense is six months [of] incarceration." *Id.* Because the word "notwithstanding" is defined as " 'nevertheless' or 'in spite of,'" [Musau] argues that "the statute clearly indicates that while subsection (b) dictates the grading of a second offense where there is a BAC refusal, subsection (a) dictates the maximum punishment for that offense" *Id.* at 9.

\*\*\*

We are constrained to agree with [Musau]. The American Heritage Dictionary defines the word notwithstanding as "in spite of" or "although." American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006). Our Supreme Court has defined "notwithstanding" as "regardless of." *See City of Philadelphia v. Clement & Muller,* 552 Pa. 317, 715 A.2d 397, 399 (1998) (holding that the plain meaning of the phrase "notwithstanding a contrary provision of law of the Commonwealth ..." is "regardless of what any other law provides ..."). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead

- 4 -

prefaced subsection (a) with "except as provided in subsection (b)," or began subsection (b) with "notwithstanding the provisions of subsection (a)." But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

*Musau,* 69 A.3d at 757-758 (internal footnote omitted).

This Court in *Musau* observed that "[i]f the legislature did not in fact intend to create a lesser maximum sentence for the first-degree misdemeanor of a first or second DUI with refusal than is permissible generally for misdemeanors of the first degree, such an 'oversight is best left to the Legislature to correct.'" *Id.* at 758 n.2 *citing Commonwealth v. Gordon*, 992 A.2d 204, 207 n. 8 (Pa. Super. 2010). Subsequently, on October 27, 2014, the Legislature amended Section 3803 to read "[e]xcept as provided in subsection (b)," rather than "[n]otwithstanding the provisions of subsection (b)." *See* 75 Pa.C.S. § 3803(a). The amendment, however, does not entitle the Commonwealth to relief in this appeal because Garrett's December 13, 2013 DUI offense pre-dated the amendment. *See Commonwealth v. Williams,* 871 A.2d 254, 259 n.5 (Pa. Super. 2005) (internal citations omitted) ("A defendant can be convicted only under statutes in effect on the date of his acts."). It is noteworthy that at the time of Garrett's guilty plea and sentencing, the Commonwealth conceded the authority of *Musau*. *See* N.T., 12/3/14, at 1 ("At this time, Your Honor, [Garrett] will be entering a guilty plea to the sole count of the information,

Tier 3, second offense DUI. Your Honor, under the **Commonwealth v. Musau** case, the maximum term is six months. The Commonwealth understands that. However, we would note our objection for the record."). **Id.** at 1-2. Accordingly, we affirm Garrett's judgment of sentence. **Commonwealth v. Spease,** 911 A.2d 952, 959 (Pa. Super. 2006) (citation omitted) (a prior opinion from our Court is "binding upon this Court and we are not at liberty to overrule it" in the absence of a superceding *en banc* Superior Court opinion or a Supreme Court opinion reversing the prior precedent).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2015