J-S41014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| RICHARD KENTON BERGIN, | |
| Appellee | No. 1918 MDA 2014 |

Appeal from the Judgment of Sentence entered October 16, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No:  CP-67-CR-0004828-2014

BEFORE:  ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 22, 2015**

The Commonwealth appeals from the judgment of sentence which the trial court imposed pursuant to **Commonwealth v. Musau,** 69 A.3d 754 (Pa. Super. 2013).  We affirm.

The trial court summarized the pertinent background relative to this matter as follows:

> In this case, [on October 16, 2014,] Defendant plead guilty to [75 Pa.C.S. § 3802 (a)(1),] his second offense DUI, Count 1, wherein he refused to submit to chemical testing, a first-degree misdemeanor [on the offense date of June 26, 2014].  As the holding in Musau is binding on this Court, the Trial Court sentenced Defendant to a maximum of six months County Intermediate Punishment. (N.T., 10/16/14, page 5).  Because this sentence was mandated by law, the Commonwealth's complaint is without merit.

Trial Court Opinion, 1/13/15, at 2.

_____
*Retired Senior Judge assigned to Superior Court.

The Commonwealth filed a timely notice of appeal, and both the Commonwealth and trial court have complied with Pa.R.A.P. 1925.

The Commonwealth presents a single issue for our review:

WHETHER THE SENTENCING COURT ERRED WHEN IT HELD THAT SIX MONTHS FOR THE DEFENDANT'S DRIVING UNDER THE INFLUENCE (REFUSAL) (2nd OFFENSE) CONVICTION WAS THE STATUTORY MAXIMUM ALLOWABLE SENTENCE IT COULD CONSIDER[?]

Commonwealth Brief at 4.

In reviewing the Commonwealth's issue, we recognize:

[] Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. *Commonwealth v. Ausberry,* 891 A.2d 752, 754 (Pa. Super. 2006). Our standard of review over such questions is *de novo* and our scope of review is plenary. *See Leverette,* 911 A.2d at 1002.

***Commonwealth v. Diamond,*** 945 A.2d 252, 256 (Pa. Super. 2008).

Instantly, while the Commonwealth has raised and developed its ***Musau*** issue, it has failed to develop its additional assertion raised in its Pa.R.A.P. 2119(f) certification that "75 Pa.C.S.A. § 3804(d) expressly requires the sentencing court to issue a maximum sentence equivalent to the statutory maximum when the defendant's CRN evaluation shows that the individual is in need of additional treatment and a treatment evaluation pursuant to 75 Pa.C.S.A. § 3814(2) is needed." Commonwealth Brief at 7; *see generally* 8-24. Accordingly, the Commonwealth's argument regarding the trial court's failure to sentence Mr. Bergin pursuant to 75 Pa.C.S.A. §

3804(d) is waived. ***See Coulter v. Ramsden,*** 94 A.3d 1080, 1088-1089

(Pa. Super. 2014). In ***Coulter,*** we emphasized:

> "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley,* 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser,* 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures,* 4 A.3d 1099, 1103 (Pa. Super. 2010) (*citing Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa. Super. 2007)). Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella v. Commonwealth,* 958 A.2d 1069, 1073 n. 8 (Pa. Cmwlth. 2008) (*quoting Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n. 11 (Pa. Cmwlth. 2002)).

***Coulter***, 94 A.3d at 1088-1089. Furthermore, the Commonwealth did not

raise the argument before the trial court at the time of sentencing, (*see*

N.T., 10/16/14), nor did the Commonwealth articulate the issue in its

Pa.R.A.P. 1925 statement. ***See*** Commonwealth Pa.R.A.P. 1925 Statement

of Errors Complained of on Appeal, 11/20/14.

As to the Commonwealth's argument regarding ***Musau***, we

incorporate below the following discussion from ***Musau***:

[S]ection 3803 of the vehicle code … provides in relevant part as follows[:]

**(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

\* \* \*

**(b) Other offenses.**—

\* \* \*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803.  The statutory maximum sentence for misdemeanors of the first degree is five years' imprisonment. 18 Pa.C.S. § 106(b)(6), (e).

\*\*\*

[Musau] … claims that "[i]t is equally clear from the statute that subsection (a) dictates that the maximum sentence [Musau] could receive for this particular offense is six months [of] incarceration." *Id.*  Because the word "notwithstanding" is defined as "'nevertheless' or 'in spite of,'" [Musau] argues that "the statute clearly indicates that while subsection (b) dictates the grading of a second offense where there is a BAC refusal, subsection (a) dictates the maximum punishment for that offense." *Id.* at 9.

\*\*\*

We are constrained to agree with [Musau].  The American Heritage Dictionary defines the word notwithstanding as "in spite of" or "although."  American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006).  Our Supreme Court has defined "notwithstanding" as "regardless of."  *See City of*

> *Philadelphia v. Clement & Muller,* 552 Pa. 317, 715 A.2d 397, 399 (1998) (holding that the plain meaning of the phrase "notwithstanding a contrary provision of law of the Commonwealth ..." is "regardless of what any other law provides ..."). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead prefaced subsection (a) with "except as provided in subsection (b)," or began subsection (b) with "notwithstanding the provisions of subsection (a)." But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

*Musau,* 69 A.3d at 757-758 (internal footnote omitted).

This Court in *Musau* noted "[i]f the legislature did not in fact intend to create a lesser maximum sentence for the first-degree misdemeanor of a first or second DUI with refusal than is permissible generally for misdemeanors of the first degree, such an 'oversight is best left to the Legislature to correct.'" *Id.* at 758 n.2 *citing Commonwealth v. Gordon*, 992 A.2d 204, 207 n.8 (Pa. Super. 2010). Thereafter, on October 27, 2014, the Pennsylvania Legislature did amend the statute to read "[e]xcept as provided in subsection (b)," rather than "[n]otwithstanding the provisions of subsection (b)." *See* 75 Pa.C.S. § 3803(a). The statutory amendment, however, does not warrant the result the Commonwealth seeks in this appeal because Mr. Bergin's June 26, 2014 offense pre-dated the effective date of the amendment. *See Commonwealth v. Williams,* 871 A.2d 254, 259 n.5 (Pa. Super. 2005) (internal citations omitted) ("A defendant can be

- 5 -

convicted only under statutes in effect on the date of his acts."). Moreover, as the Commonwealth acknowledged on the date of the plea colloquy and sentencing, **Musau** is controlling. **See** N.T., 10/16/14, at 2 ("For the record, the Commonwealth would just note its objection to [the trial court's application of **Musau**], but we understand that the Court is bound by [**Musau**]."). **Id.** We are bound by **Musau** as well. **Commonwealth v. Spease,** 911 A.2d 952, 959 (Pa. Super. 2006) (citation omitted) (a prior opinion from our Court is "binding upon this Court and we are not at liberty to overrule it" in the absence of a superceding *en banc* Superior Court opinion or a Supreme Court opinion reversing the prior precedent).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2015