J-S49023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL J. MARSHALL, | |
| Appellee | No. 2161 MDA 2014 AND 149 MDA 2015 CONSOLIDATED CROSS-APPEAL |

Appeal from the Judgment of Sentence entered September 19, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0002456-2014

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 07, 2015**

At 2161 MDA 2014, the Commonwealth appeals from the judgment of sentence which the trial court imposed on Michael J. Marshall, ("Marshall"), pursuant to ***Commonwealth v. Musau,*** 69 A.3d 754 (Pa. Super. 2013).  At 149 MDA 2015, Marshall appeals from his judgment of sentence following the trial court's denial of his post-sentence motions.  We affirm.

The trial court summarized the background of this case as follows:

> On February 9, 2014, Officer Erika Eiker of the Northern York County Regional Police Department was on patrol when she noticed a silver pickup truck doing donuts in the parking lot of a Giant Food Store located in Dover Township.  Affidavit of Probable Cause, 2/10/14, at 1.  Officer Eiker approached the vehicle and encountered [Marshall] in the driver's seat.  *Id*.  After briefly speaking with [Marshall], Officer Eiker suspected that he was under in the influence of alcohol.  *Id*.  [Marshall] agreed to perform several Standardized Field Sobriety tests.  *Id*.

During those tests, he demonstrated numerous indicators of impairment. *Id*. at 1-2. [Marshall] refused to submit to a chemical blood test. *Id*. at 2. [Marshall] was ultimately charged with Driving Under the Influence of Alcohol or a Controlled Substance 1 and Disorderly Conduct 2.

On July 28, 2014, a non-jury trial was held before the Honorable Thomas H. Kelley, VI. The Court took the matter under advisement. On August 12, 2014, the Court found [Marshall] guilty of both offenses.[1]

Trial Court Supplemental Pa.R.A.P. 1925(a) Opinion, 3/20/15, at 1-2.

The trial court further explained:

On September 19, 2014, the Court imposed a sentence of 6 months intermediate punishment with the first 90 days on house arrest. The Commonwealth did not agree on a maximum sentence.

\*\*\*

On December 17, 2014, [the Commonwealth] … filed an Appeal to the Superior Court of Pennsylvania. The Appeal is of the [December 17, 2014] Order of the Court denying [Marshall's] post sentence motions [filed] on September 19, 2014. On December 19, 2014, and pursuant to Pa.R.A.P. 1925(b), the Court directed [the Commonwealth] to file a Concise Statement of Matters Complained of on Appeal. On January 5, 201[5], [the Commonwealth] timely filed a statement.

Trial Court Opinion, 1/12/15, at 1-2.

---

[1] In its January 12, 2015 opinion relative to this appeal, the trial court specified that it convicted Marshall of "driving under the influence of alcohol or a controlled substance (DUI) under 75 Pa. C.S.A. § 3802(a)(1) and disorderly conduct under 18 Pa. C.S.A. § 5503(a)(4). The DUI offense was [Marshall's] second in the last ten years. As a result, the Commonwealth charged [Marshall] with a Tier III, second offense." Trial Court Opinion, 1/12/15, at 1.

On January 16, 2015, [Marshall], through his counsel, … filed an Appeal to the Superior Court of Pennsylvania [following the trial court's December 17, 2014 order denying Marshall's post-trial motions]. The Appeal is of the verdict of the Non-Jury Trial entered on this matter on August 12, 2014 [and from the judgment of sentence imposed on September 19, 2014.]. On January 22, 2015, and pursuant to Pa.R.A.P. 1925(b), the Court directed [Marshall] to file a Concise Statement of Matters Complained of on Appeal. On February 11, 2015, [Marshall] timely filed a Statement.

Trial Court Supplemental Pa.R.A.P. 1925(a) Opinion, 3/20/15, at 1-2.

The trial court issued its original Pa.R.A.P. 1925(a) opinion on January 12, 2015, and supplemental trial court opinion on March 20, 2015. On February 25, 2015, by *per curiam* order, we consolidated the appeals.

At 2161 MDA 2014, the Commonwealth presents a single issue:

WHETHER THE SENTENCING COURT ERRED WHEN IT HELD THAT SIX MONTHS FOR [MARSHALL'S] DRIVING UNDER THE INFLUENCE (REFUSAL) (2ND OFFENSE) CONVICTION WAS THE STATUTORY MAXIMUM ALLOWABLE SENTENCE IT COULD CONSIDER[?]

Commonwealth's Brief at 4.

In reviewing this issue, we recognize:

[] Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. *Commonwealth v. Ausberry,* 891 A.2d 752, 754 (Pa. Super. 2006). Our standard of review over such questions is *de novo* and our scope of review is plenary. *See Leverette,* 911 A.2d at 1002.

**Commonwealth v. Diamond,** 945 A.2d 252, 256 (Pa. Super. 2008).

Moreover, we cannot disregard that:

> "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley,* 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser,* 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures,* 4 A.3d 1099, 1103 (Pa. Super. 2010) (*citing Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa. Super. 2007)). Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Boniella v. Commonwealth,* 958 A.2d 1069, 1073 n. 8 (Pa. Cmwlth. 2008) (*quoting Commonwealth v. Spontarelli,* 791 A.2d 1254, 1259 n. 11 (Pa. Cmwlth. 2002)).

*Coulter v. Ramsden,* 94 A.3d 1080, 1088-1089 (Pa. Super. 2014).

Here, the Commonwealth raised and developed its *Musau* issue. However, the Commonwealth failed to develop its additional assertion raised in its Pa.R.A.P. 2119(f) certification that "in regards to [Marshall], 75 Pa.C.S.A. § 3804(d) expressly requires the sentencing court to issue a maximum sentence equivalent to the statutory maximum when the defendant's CRN evaluation shows that the individual is in need of additional treatment and a treatment evaluation pursuant to 75 Pa.C.S.A. § 3814(2) is needed." Commonwealth Brief at 7; *see generally* 8-24. Indeed, the Commonwealth failed to specify the Section 3804(d) issue in its Pa.R.A.P. 1925 statement. *See* Commonwealth Pa.R.A.P. 1925 Statement of Errors

Complained of on Appeal, 1/5/15. Accordingly, the Commonwealth's argument regarding the trial court's failure to sentence Marshall pursuant to 75 Pa.C.S.A. § 3804(d) is waived.

We further find that the Commonwealth's **Musau** issue does not merit relief. In **Musau**, we reasoned:

> [S]ection 3803 of the vehicle code … provides in relevant part as follows[:]
>
> **(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
> * * *
>
> **(b) Other offenses.**—
>
> * * *
>
> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.
>
> 75 Pa.C.S. § 3803. The statutory maximum sentence for misdemeanors of the first degree is five years' imprisonment. 18 Pa.C.S. § 106(b)(6), (e).
>
> ***
>
> [Musau] … claims that "[i]t is equally clear from the statute that subsection (a) dictates that the maximum sentence [Musau] could receive for this particular offense is six months [of] incarceration." *Id.* Because the word "notwithstanding" is defined as "'nevertheless' or 'in spite of,'" [Musau] argues that "the statute clearly indicates that while subsection (b) dictates

- 5 -

the grading of a second offense where there is a BAC refusal, subsection (a) dictates the maximum punishment for that offense" *Id.* at 9.

***

We are constrained to agree with [Musau]. The American Heritage Dictionary defines the word notwithstanding as "in spite of" or "although." American Heritage Dictionary of the English Language 1203–04 (4th ed. 2006). Our Supreme Court has defined "notwithstanding" as "regardless of." *See City of Philadelphia v. Clement & Muller,* 552 Pa. 317, 715 A.2d 397, 399 (1998) (holding that the plain meaning of the phrase "notwithstanding a contrary provision of law of the Commonwealth ..." is "regardless of what any other law provides ..."). Given these definitions, the Commonwealth's interpretation might be persuasive if the legislature had instead prefaced subsection (a) with "except as provided in subsection (b)," or began subsection (b) with "notwithstanding the provisions of subsection (a)." But it did not. Therefore, we hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

*Musau,* 69 A.3d at 757-758 (footnote omitted).

The **Musau** Court observed that "[i]f the legislature did not in fact intend to create a lesser maximum sentence for the first-degree misdemeanor of a first or second DUI with refusal than is permissible generally for misdemeanors of the first degree, such an 'oversight is best left to the Legislature to correct.'" **Id.** at 758 n.2, *citing* **Commonwealth v. Gordon**, 992 A.2d 204, 207 n.8 (Pa. Super. 2010). On October 27, 2014, our Legislature amended Section 3803 to read "[e]xcept as provided in subsection (b)," rather than "[n]otwithstanding the provisions of subsection

(b)." *See* 75 Pa.C.S.A. § 3803(a). This amendment, however, does not entitle the Commonwealth to relief in this case because Marshall's February 19, 2014 DUI offense predated the effective date of the amendment. *See Commonwealth v. Williams,* 871 A.2d 254, 259 n.5 (Pa. Super. 2005) (citations omitted) ("A defendant can be convicted only under statutes in effect on the date of his acts."). Therefore, pursuant to *Musau*, we affirm Marshall's judgment of sentence. *See* Trial Court Opinion, 1/12/15, at 2-3 (unnumbered) ("The *Musau* ruling states the law clearly. The maximum sentence for a Tier III refusal, second offense, is six months. Although the Commonwealth may adamantly disagree with the Superior Court's ruling, this disagreement does not entitle the Commonwealth to change the statutory construction. The Court is required to follow the law as interpreted and held by the Superior Court. As a result, the Court concludes that it did not err when it imposed a maximum sentence of six months."); *see also Commonwealth v. Spease,* 911 A.2d 952, 959 (Pa. Super. 2006) (citation omitted) (a prior opinion from our Court is "binding upon this Court and we are not at liberty to overrule it" in the absence of a superseding *en banc* Superior Court opinion or a Supreme Court opinion reversing the prior precedent). We further observe that the Commonwealth in opposing Marshall's request for a jury trial asserted that "the Commonwealth's position would be that this would be a bench trial since the maximum is only six months at this point" due to the *Musau* decision. N.T., 7/15/14, at 2.

At 149 MDA 2015, Marshall cross-appeals and raises two issues:

1. Whether there was insufficient evidence to support the Judge's finding of guilt on count 1, DUI, General Impairment, because the Commonwealth failed to present sufficient evidence that the poor driving was caused by alcohol impairment?

2. Whether the Judge's verdict as to count 1 is against the weight of the evidence when the testimony with respect the SFSTs was of insufficient weight because the tests were performed on a snow covered surface?

Marshall's Brief at 6.[2]

In reviewing Marshall's sufficiency claim, we recognize:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

---

[2] Marshall raises a third issue in which he asserts that "the trial court correctly sentenced Marshall to six months' imprisonment as the maximum sentence in accordance with the Superior Court's holding in *Musau*." Marshall's Brief at 6. Because our discussion and disposition of the Commonwealth's appeal *supra* disposes of Marshall's third issue, we decline to address it further.

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 886 A.2d 689, 704 (Pa. Super. 2005) (internal citations omitted).

In rebutting Marshall's sufficiency claim, the trial court, sitting as the fact finder, explained:

> Viewing the evidence in the light most favorable to the Commonwealth, the evidence presented was sufficient to establish that the Appellant was guilty of Driving Under the Influence and Disorderly Conduct. During the non-jury trial, the Court heard testimony from Officer Eiker that she noticed several indicators of impairment during the Appellant's Standardized Field Sobriety Tests. N.T., Non-Jury Trial, 7/28/14, at 11-14. As a result, Officer Eiker testified, she believed the Appellant was impaired and incapable of safely driving. *Id*. at 16. Therefore, the Court finds that its verdict was based on sufficient evidence to prove the Appellant was guilty.

Trial Court Supplemental 1925(a) Opinion, 3/20/15, at 3. Based on our careful scrutiny of the record, we agree with the trial court and find that Marshall's sufficiency challenge fails.

Marshall acknowledges, "Officer Eiker smelled an odor of alcohol and noticed that Marshall's eyes were bloodshot and glassy. N.T., [7/28/14, at] 8:14-21." Marshall's Brief at 7. During the stop, Officer Eiker testified that she asked Marshall "how much he had to drink", to which Marshall replied that "he was coming from the Racehorse Tavern [where] he drank three beers on draft." N.T., 7/28/14, at 8-9. Officer Eiker further testified that "[Marshall] said that his last drink was approximately 15 minutes prior to me talking to him." ***Id.*** at 9.

While Marshall criticizes Officer Eiker's administration of field sobriety tests in the snow, Officer Eiker explained that the ground "was level. It was a flat surface in a parking lot. There was [sic] no hills or anything like that." *Id.* at 10. She conceded there was snow, but noted that the ground was only "snow covered lightly[.]" *Id.* On cross-examination, Officer Eiker testified that she "performed the test to [Marshall]. I didn't have any trouble. I didn't slip or slide or fall down." *Id.* at 31. Officer Eiker emphasized that she "performed the tests in the same conditions that [Marshall] did." *Id.* at 32.

Marshall also argues that "Officer Eiker did not grade [Marshall's performance of the Walk and Turn test] correctly," because "Officer Eiker counted Marshall swaying during the instructional phase as a clue." Marshall's Brief at 8 (citations to the record omitted). Marshall maintains "the clue is losing balance during the instructional phase, and that clue has been explained as the performer must break the heel to toe stance." *Id.* (citation to the record omitted). Marshall discounts Officer Eiker's testimony that Marshall "didn't listen" during the instructional phase of this test, which required Marshall to place his right foot first. N.T., 7/28/14, at 12-13. Contrary to Officer Eiker's instructions, Marshall "had his left foot first, so [Officer Eiker] had to correct him." *Id.* at 13. Officer Eiker further testified, "[d]uring the test, I noted [Marshall] stepped off the line. At one point, he raised his arms. He did not perform the turn as I had demonstrated to him. I believe he missed heel to toe on one of the steps." *Id.* Further, rather

- 10 -

than taking nine steps to complete the walk portion of the test prior to the turn, Officer Eiker testified that Marshall "only took eight steps in the first phase of the [Walk and Turn] test." *Id.* Officer Eiker testified that her perception of Marshall being under the influence of alcohol was based on "everything, [Marshall's] statements, the smell of alcohol, when [Marshall] consumed his last drink, [Marshall's] behavior. Doing donuts in the parking lot was abnormal … And just his performance on the field sobriety tests." *Id.* at 45-46. In considering the foregoing evidence in the light most favorable to the Commonwealth, there was ample and sufficient evidence to support Marshall's DUI conviction.

We next consider Marshall's weight claim. The trial court observed:

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citing *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995), cert. denied, 519 U.S. 827 (1996)). The standard for reviewing a challenge to the weight of the evidence is well-settled in Pennsylvania:

A motion for a new trial based a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

- 11 -

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014).

> [Marshall's] argument that the verdict is against the weight of the evidence is without merit. After assessing the credibility of the sole witness[, Officer Eiker,] and listening to the evidence offered in this case, the Court, acting as the fact finder, found the case presented by the Commonwealth to be convincing beyond a reasonable doubt. Therefore, the Court finds that its verdict does not go against the weight of the evidence.

Trial Court Supplemental Pa.R.A.P. 1925(a) Opinion, 3/20/15, at 3–4.

Based on our review of the record, we agree with the trial court that Marshall's DUI conviction was not against the weight of the evidence. We further observe that at the sentencing hearing, the trial court remarked that it "had the benefit of hearing the testimony in this case, and as noted, this was a very close call with regard to [Marshall] and his guilt, although ultimately the court made the determination that the Commonwealth had sustained its burden." N.T., 9/19/14, at 2-3. The trial court reiterated this position during the hearing denying Marshall's post-trial motions. Specifically, the trial court stated that "it was a close call with regard to all of the evidence, but [the Commonwealth] ultimately did convince me beyond a reasonable doubt." N.T., 12/17/14, at 6. Finding that the trial court did not abuse its discretion in finding Marshall guilty of DUI, we will not reverse the trial court's verdict. **Commonwealth v. Reynolds,** 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted) ("It is the function of the [fact-finder] to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is

conclusive on appeal."); *see also Commonwealth v. Boczkowski,* 846 A.2d 75, 82 (Pa. Super. 2004) *citing* **Commonwealth v. Tharp,** 830 A.2d 519, 527 (Pa. 2003) (noting "the [fact-finder] [is] not obligated to accept" the evidence submitted by the defense).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015