J-S11014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSHUA XAVIER BARDEN | : | |
| Appellant | : | No. 1006 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 11, 2025
In the Court of Common Pleas of Jefferson County
Criminal Division at No:  CP-33-CR-0000278-2024

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

JUDGMENT ORDER BY STABILE, J.:            **FILED: JUNE 26, 2026**

Appellant, Joshua Xavier Barden, appeals from the July 11, 2025, judgment of sentence imposing 15 to 37 years of incarceration followed by three years of probation for rape of a child, 18 Pa.C.S.A. § 3121, and designating him to be a sexually violent predator ("SVP") pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10, *et. seq*.  We affirm.

On August 29, 2024, Appellant was charged with 36 counts of sexual offenses for conduct occurring from January 1, 2020, through December 1, 2022.  The victim, Appellant's niece, was six years old at the beginning of this time span, and Appellant was 28.  On March 5, 2025, Appellant and the Commonwealth executed a written plea agreement whereby Appellant would plead guilty to rape of a child and accept the aforementioned sentence, and

the Commonwealth would *nolle prosse* the remaining charges. The trial court conducted a sentencing and SVP hearing on July 11, 2025. The trial court imposed sentence in accordance with the plea agreement.

Appellant's issues arise from the SVP hearing. At that hearing, the Commonwealth's expert, Brenda Manno, testified that Appellant met the criteria for pedophilic disorder. Her conclusion was based in part on records collected by the SVP board investigator and the victim's allegations of recurring assaults throughout the nearly two-year period covered by the criminal information. She did not interview Appellant or the victim.

On appeal, Appellant challenges the sufficiency of the evidence in support of his SVP determination. He argues that Manno should have confined her analysis to the single charge to which he pled guilty, i.e., the "facts of the current offense" as per 42 Pa.C.S.A. § 9799.24(b)(1). Appellant argues that the trial court erred in permitting Manno to consider the victim's hearsay allegations regarding the 35 *nolle prossed* charges, and that the court's error violated his right to constitutional due process. Appellant's Brief at 3.

Appellant acknowledges that his argument runs counter to current binding precedent. In particular, he acknowledges this Court's opinion in ***Commonwealth v. Aumick***, 297 A.3d 770 (Pa. Super. 2023) (*en banc*), in which the defendant entered a negotiated plea agreement and argued on appeal that the trial court erred by finding that the defendant was an SVP "based on alleged incidents to which he did not plead guilty nor of which he

was convicted" and based on hearsay allegations from the alleged victim. *Id.* at 776. The *Aumick* Court rejected both arguments:

> Given [the statutory mandates of 42 Pa.C.S.A. § 9799.24], it is clear that the legislature intended that the S[exual] O[ffender] A[ssessment] B[oard] member consider more than the limited facts included in a plea colloquy, and that the SOAB member undertake to review and consider the information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment and preparing a statutorily compliant written report. To be sure, it would be the rare occasion on which the SOAB member would be able to fulfill its statutory obligations if its SVP assessments and written reports were limited to facts contained in a plea colloquy, admitted into evidence, or determined by the trier of fact.
>
> Moreover, in the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony. Indeed, the facts presented at an SVP hearing are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario. Instead, they constitute information, gleaned from records which are reasonably relied on in SOAB evaluations, that is presented to the trial court solely to supply the basis for the expert's opinion in accordance with our Rules of Evidence. Accordingly, the otherwise inadmissible facts reasonably relied upon by [the SOAB witness] to explain the basis of her opinion, including the allegations of sexual abuse asserted by [the victim], do not constitute substantive evidence.

*Aumick*, 297 A.3d at 782. Thus, the *Aumick* Court rejected the precise arguments Appellant raises here, and the *Aumick* Court did so in reliance on prior authority set forth in *Commonwealth v. Prendes*, 97 A.3d 337 (Pa. Super. 2014), *overruled in part on other grounds by Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

Appellant acknowledges *Aumick* and asks that this panel reconsider it (Appellant's Brief at 15), but Appellant fails to acknowledge that we are bound

by all previous opinions of three-judge and *en banc* panels of this Court. **Commonwealth v. Spease**, 911 A.2d 952, 959 (Pa. Super. 2006), *appeal denied*, 982 A.2d 510 (Pa. 2009). Because Appellant's arguments fail under existing precedent, we reject them and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/26/2026